IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**MICHAEL DURDIN**                                                                       **PETITIONER**

**V.**                                            **NO. 3:23-CV-461-DMB-JMV**

**STATE OF MISSISSIPPI, et al.**                                    **RESPONDENTS**

**OPINION AND ORDER**

The State of Mississippi moves to dismiss Michael Durdin's pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 as untimely under 28 U.S.C. § 2244(d). Because Durdin's petition is untimely, the petition will be dismissed with prejudice.

**I
Procedural History and Factual Background**[1]

**A. Conviction, Sentence, and Direct Appeal**

On September 4, 2003, a jury convicted Michael Durdin of sexual battery in the Circuit Court of Union County, Mississippi. Doc. #6-1 at PageID 42. The following day, the trial court sentenced Durdin to serve a mandatory sentence of thirty-five years in the custody of the Mississippi Department of Corrections. Doc. #6-2. Through counsel, Durdin appealed challenging the sufficiency of the evidence and certain jury instructions at trial. Doc. #7-3 at PageID 309–29. The Mississippi Court of Appeals affirmed his conviction and sentence, and denied his request for rehearing. *Durdin v. State*, 924 So. 2d 562, 568 (Miss. Ct. App. 2005), *reh'g denied*, (Mar. 21, 2006). Durdin did not seek certiorari review in the Mississippi Supreme Court.

**B. State Post-Conviction Proceedings**

Through counsel, Durdin filed his first state court motion for post-conviction collateral

---

[1] The facts are derived from the State's motion to dismiss to the extent such facts are uncontested and well-documented.

relief ("First PCR Motion") on September 17, 2008, alleging that that his right to a fair trial was violated due to ineffective assistance of trial counsel, improper juror contact with non-jurors during deliberations, and the failure of the trial court to advise him about his right to testify. Doc. #7-5 at PageID 537–50. On October 15, 2008, the Mississippi Supreme Court denied Durdin's the First PCR Motion, holding that Durdin's "application fail[ed] to make a substantial showing of the denial of a state or federal right" and his "claim of ineffective assistance of counsel fail[ed] to meet the standard set forth in *Strickland*[.]" Doc. #6-4 (citing Miss. Code Ann. § 99-39-27(5)); *Strickland v. Washington*, 466 U.S. 668, 684 (1984)); *see* Doc. #7-5 at PageID 536.

Fourteen years later, on October 22, 2022, Durdin, through counsel, filed a second state court PCR motion ("Second PCR Motion"), arguing he was denied the right to testify at trial and that he received ineffective assistance of trial counsel. Doc. #7-6 at PageID 568–69. On March 28, 2023, the Mississippi Supreme Court determined that the Second PCR Motion was "barred by time and as a successive application, and it d[id] not meet any of the exceptions." Doc. #6-5 (citing Miss. Code Ann. §§ 99-39-5(2), 27(9)). "Notwithstanding the bars," the Mississippi Supreme Court alternatively determined that the Second PCR Motion was meritless. *Id.*

### C. Federal Habeas Petition

On or about December 1, 2023, Durdin filed the present pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Northern District of Mississippi.[2] Doc. #1. The two grounds for relief Durdin raises mirror the two claims he raised in the Second PCR Motion, that he (1) was denied the right to testify at trial, and (2) received ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments. *Id.* at 5, 6.

---

[2] The petition indicates Durdin signed it on November 28, 2023, and it is post-marked November 29, 2023. Doc. #1 at PageID 14, 22.

2

In support of his claims in the petition, he also revisits arguments from the Second PCR Motion. *Id.* at 15–22. Durdin claims in conclusory fashion that his federal petition is timely because the Supreme Court "decide[d] a new rule of constitutional law, made retroactive which has not previously been available concerning the right to testify," *id.* at 13, but fails to identify any such new rule of law.

## II
## 28 U.S.C. § 2244(d)

28 U.S.C. § 2244 provides in relevant part:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1), (2).

## III
## Discussion

### A. Initial Deadline for Federal Habeas Petition

Durdin's direct review was complete on March 21, 2006, the date the Mississippi Court of

3

Appeals denied his request for rehearing. Because he did not seek certiorari review in the Mississippi Supreme Court, his conviction became final fourteen days later—on April 4, 2006—when the deadline for seeking state certiorari review expired. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) ("the judgment becomes final at the expiration of the time for seeking [direct] review—when the time for pursuing direct review in th[e Supreme] Court, or in state court, expires"); Miss. R. App. P. 17(b). Consequently, Durdin's deadline to file a federal habeas petition was April 4, 2007—one year later. *See* 28 U.S.C. § 2244(d)(2).

### B. No Statutory Tolling

A habeas petitioner may invoke statutory tolling of the limitations period when he files a proper state application for post-conviction collateral relief before the expiration of the habeas corpus deadline. As mentioned above, the initial deadline for Durdin to seek federal habeas relief was April 4, 2007, under 28 U.S.C. § 2244(d)(2). Durdin filed the First PCR Motion in September 2008 and the Second PCR Motion in October 2022, both after the one-year limitation period expired. As Durdin did not seek state post-conviction relief before the habeas deadline expired, he is not entitled to statutory tolling of the limitation period.

### C. No Equitable Tolling

"The doctrine of equitable tolling preserves a [petitioner's] claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (per curiam) (quoting *Davis*, 158 F.3d 806, 810 (5th. Cir. 1998)). The one-year limitations period of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") in 28 U.S.C. § 2244(d) is not jurisdictional; thus, it is subject to equitable tolling. *Holland v. Fla.*, 560 U.S. 631, 645–46 (2010); *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002).

Whether to apply equitable tolling turns on the facts and circumstances of each case.

4

*Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (per curiam). However, a court may apply equitable tolling only "in rare and exceptional circumstances." *Davis*, 158 F.3d at 811; *see Minter v. Beck*, 230 F.3d 663, 666–67 (4th Cir. 2000) ("[E]quitable tolling of the AEDPA's one year limitation period is reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.") (internal quotation marks omitted). The petitioner bears the burden of establishing that equitable tolling is warranted. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), modified on reh'g, 223 F.3d 797 (2000) (per curiam). To meet the burden, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his § 2255 motion. *Lawrence v. Florida*, 549 U.S. 327 (2007) (applied in context of one-year limitations period under 28 U.S.C. § 2255). The petitioner need only show "reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal citations omitted). A petitioner's delay of four months can show that he has not diligently pursued his rights. *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001).

Here, Durdin has neither pursued his rights diligently nor shown some extraordinary circumstance prevented him from timely filing his federal petition. He did not seek federal habeas relief before his the one-year deadline expired and he delayed seeking state post-conviction relief more than a year after the one-year deadline expired. Neither ignorance of the law nor inadequacies of a prison law library rise to the level of a "rare and exceptional circumstance" sufficient to invoke equitable tolling. *Felder v. Johnson*, 204 F.3d 168, 170 (5th Cir. 2000).

And while Durdin argues his petition is timely because the Supreme Court "decide[d] a new rule of constitutional law, made retroactive which has not previously been available

5

concerning the right to testify," Doc. 1 at 13, he fails to identify such a Supreme Court decision. So he may not invoke § 2244(d)(1)(C) to establish a later start date to calculate timeliness and thus has not shown some extraordinary circumstance prevented him from timely filing his petition.

Further, Durdin did not pursue his rights diligently. He did not not file the First PCR Motion until seventeen months after the federal habeas deadline expired, over two years after the Mississippi Court of Appeals affirmed his conviction and sentence. And he filed the Second PCR Motion in October 2022, some sixteen years after the federal limitations period expired. These significant delays prevent Durdin from invoking equitable tolling for the purpose of rendering his federal habeas petition timely.

### D. Timeliness Calculation

Under the prison "mailbox rule," Durdin's federal habeas petition is deemed filed on the date he delivered it to prison officials for mailing to the district court. *Coleman v. Johnson*, 184 F.3d 398, 401, *reh'g and reh'g en banc denied*, 196 F.3d 1259 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000) (citing *Spotville v. Cain*, 149 F.3d 374, 376 –78 (5th Cir. 1998)). That means his federal habeas petition was filed sometime between the date it was signed on November 28, 2023, and the date it was received and stamped as "filed" in this Court on December 1, 2023. As discussed above, Durdin has not met the requirements to support equitable tolling of the limitations period. *Ott v. Johnson*, 192 F.3d 510, 513-14 (5th Cir. 1999). In short, Durdin's petition is untimely and will be dismissed with prejudice.[3]

### IV
### No Certificate of Appealability

Rule 11 of the Rules Governing § 2254 Proceedings in the United States District Courts

---

[3] Given the clear untimeliness of Durdin's petition, no evidentiary hearing is warranted.

6

requires a court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Having found that Durdin's federal habeas petition is untimely and must be dismissed with prejudice, the Court concludes a certificate of appealability should not issue in this case.

## V
## Conclusion

For the reasons above, the State's motion to dismiss [6] is **GRANTED** and Durdin's untimely petition for a writ of habeas corpus is **DISMISSED with prejudice**.

**SO ORDERED**, this 5th day of November, 2024.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

7